IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY HAMMAN,                        )
                                        )
        Plaintiff,                      )
                                        )
    -vs-                                )   Civil Action No. 17-965
                                        )
NANCY A. BERRYHILL,[1]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
        Defendant.                      )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

### **I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging disability since January 1, 2007. (ECF No. 8-8, p. 9). Administrative Law Judge ("ALJ"), Michael F. Colligan, held a hearing on February 9, 2016. (ECF No. 8-3). On May 16, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 21-33).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Conflicts between the Vocational Expert ("VE") Testimony and the Dictionary of Occupational Titles ("DOT")

Plaintiff's only argument is that the ALJ's decision is not based on substantial evidence because two of the three jobs identified by the VE are in direct conflict with the DOT based on the residual functional capacity ("RFC")[2] determined by the ALJ and the third job does not exist in significant numbers in the national economy. (ECF No. 11, pp. 5-8). To that end, Plaintiff's argument is premised on the notion that the VE did not specify the DOT codes for the jobs he identified (sedentary guard job performed primarily at night, sedentary, unskilled clerical workers and sedentary, unskilled inspectors). (ECF No. 11, pp. 5-8). Based on that premise, Plaintiff then reviewed the DOT and came up with specific jobs listings in the DOT she believes are similar to the jobs identified by the VE. (ECF No. 11, pp. 5-8). Once Plaintiff identified those DOT jobs numbers, Plaintiff argued various reasons for why those specific jobs were in conflict

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with certain exceptions. (ECF No. 8-2, pp. 25-26).

with the RFC. *Id.* Based on the same, Plaintiff argued remand is warranted. *Id.* at p. 9.

After a review of the evidence, I find Plaintiff's initial premise to be fatally flawed. At the hearing, in response to Plaintiff's representative's questioning, the VE very clearly and precisely provided the DOT codes for the jobs he identified.

> Q. Do you have DOT numbers for those jobs?
>
> A. Yes. The sedentary guard job would be 379.367-010. The sedentary clerical worker would be 249.587-018 and the inspector job would be 739.687-182.

(ECF No. 83, p. 36). Plaintiff's entire argument, however, is based on misidentified and different DOT job numbers. Plaintiff never argues, analyzes or addresses whether the DOT numbers identified by the VE were in conflict with the VE's testimony and/or the RFC. Moreover, after having received Defendant's Brief, which plainly identified the problem with Plaintiff's argument, Plaintiff never sought leave to amend her Brief or to file a reply brief to address the same. As a result, Plaintiff's whole argument is misplaced and insufficient to put the issue before me. Consequently, I find that remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY HAMMAN, )
 )
    Plaintiff, )
 )
-vs- ) Civil Action No. 17-965
 )
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 9th day of August, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                    BY THE COURT:

                    s/ Donetta W. Ambrose
                      Donetta W. Ambrose
                      United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.